IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02673-BNB

BRANDON ALLAN FAIR,

    Plaintiff,

v.

SHEETMETAL WORKERS LOCAL 9, and
HEATING & PLUMBING ENGINEERS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Brandon Allan Fair, has filed *pro se* a Title VII Complaint (ECF No. 1). The court must construe the Title VII Complaint liberally because Mr. Fair is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Fair will be ordered to file an amended complaint.

    The court has reviewed the Title VII Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet

these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Fair fails to provide a short and plain statement of his claims showing he is entitled to relief. It is not clear what specific claims he is asserting and he fails to allege specific facts in support of his claims. Mr. Fair alleges only that he was terminated from his job after being hospitalized and missing two days of work. Although he indicates in the Title VII Complaint that he was discriminated against because of his race, color, religion, sex, and national origin (*see* ECF No. 1 at 2), he fails to allege specific facts that demonstrate he was terminated from his employment or otherwise discriminated against because of his race, color, religion, sex, or national origin. Mr. Fair also fails to indicate whether he has exhausted administrative remedies.

Mr. Fair must file an amended complaint if he wishes to pursue any claims in this action. Mr. Fair must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

(10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Fair file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Fair shall obtain the court-approved pleading form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Fair fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 1, 2014, at Denver, Colorado.

                                BY THE COURT:

                                 s/ Boyd N. Boland
                                United States Magistrate Judge